BAUGHN, ADMR., ET AL. *v.* DUNCAN.

(Decided January 19, 1929.)

*Mr. Charles E. Ballard,* for plaintiffs in error.

*Messrs. Marshall & Marshall,* for defendant in error.

KUNKLE, J.   Defendant in error, Eliza Duncan, recovered a judgment against John Baughn, administrator of the estate of Sophia Grain, deceased, in the court of common pleas, in the sum of $1,125. Motion for a new trial having been overruled, error is prosecuted to this court for the purpose of reversing such judgment.

In brief, it appears from the record that the claim of defendant in error against the estate of Sophia Grain was for services alleged to have been rendered in the nursing and care of Sophia Grain from September 26, 1920, to July 26, 1922.   Defendant in error presented her claim for services to the said administrator almost four years after the death of Sophia Grain, namely, on September 22, 1926.

Plaintiffs in error, Sarah Bray and Marie Hill, are the heirs at law of Sophia Grain, deceased, and under the provisions of Section 10724, General Code, filed in the probate court a written request that said administrator reject said claim, and entered into bond as provided by above section.

The administrator thereupon rejected the claim of defendant in error. In October, 1926, defendant in error brought suit against the administrator of the estate of Sophia Grain upon said claim, but did not make Sarah Bray and Marie Hill parties thereto.

A motion to said petition filed by the administrator was sustained, and in December, 1926, defendant in error filed an amended petition. In June, 1927, the administrator filed an answer in which the allegations of the amended petition were not denied, but the administrator asked that said amended petition be dismissed, because Sarah Bray and Marie Hill were not made parties thereto, as required by Section 10725, General Code, and that more than six months had elapsed since the rejection of said claim by the administrator, namely, on October 16, 1926.

Subsequently defendant in error took leave to amend her amended petition by making Sarah Bray and Marie Hill parties. This was objected to by the administrator.

The conceded facts are briefly as follows, viz.: That Eliza Duncan, defendant in error, was the wife of John Duncan, the only child of Sophia Grain; that they were married in 1898, and lived in Chicago until August, 1908, when Eliza Duncan, defendant in error, began living with Sophia Grain; that Sophia Grain and her daughter-in-law, defendant in error Eliza Duncan, lived in the same house during the

remainder of the lifetime of Sophia Grain; that Sophia Grain died July 5, 1926, intestate; that in August, 1926, John Duncan, the husband of defendant in error, died testate; that in September, 1926, John Baughn was appointed administrator of Sophia Grain; that in October, 1926, Marie Hill and Sarah Bray requested the disallowance of the claim of Eliza Duncan, the defendant in error, and the same was rejected on October 16, 1926; that this suit was brought by defendant in error against John Baughn, administrator, October 18, 1926, and Marie Hill and Sarah Bray were made parties defendant July 12, 1927.

Plaintiffs in error claim: (1) That the court erred in making Marie Hill and Sarah Bray parties defendant at the time in question; (2) that the court erred in its charge as given to the jury, and in its failure to charge as requested by plaintiffs in error; (3) that there was no evidence to sustain the verdict, because there was none to show either an express or implied contract for the services in question.

The first question relates to the failure of plaintiff below to make Marie Hill and Sarah Bray parties to the suit within six months after the rejection of the claim of defendant in error by the said administrator.

Section 10724, General Code, provides: "If an heir * * * of a deceased person * * * files in the probate court of the county in which administration is taken out * * * a written requisition on the administrator or executor, to disallow and reject a claim presented for allowance, whether the claim has been allowed or not, but which has not

been paid in full, and enters into a bond, with sufficient surety, to be approved by the probate judge, conditioned to pay all costs and expenses of contesting such claim, in case it finally is allowed, the claim shall be rejected by such administrator or executor.''

Section 10725, General Code, provides: ''The holder of such claim, within six months after its rejection, is required to bring his action against such administrator or executor, to enforce it, and if he recovers the judgment shall be against the administrator or executor. In such action, such heir * * * shall be made a party defendant with the administrator or executor, and have the right to plead and make any defense to it which he could make.''

Do these provisions require the bringing of a suit against the heirs or other persons who request the rejection of the claim?

Upon an examination of the statutes we are of opinion that the action is properly brought, if brought within six months, against the administrator or executor, and, while the statute expressly provides for the making of the heir or creditor a party to the action, it does not expressly provide that such heir or creditor must be made a party defendant within six months after the rejection of the claim.

Construing the statute liberally, we are of opinion that the suit in question was properly brought against the administrator. We think the purpose of making an heir or creditor a party to the suit is to avoid collusion between the person filing the claim and the administrator or executor, and to assure a fair trial upon the part of the heir or creditor upon all the issues that could be raised in the case.

No judgment or relief as against the heir or creditor is provided by the statute, and we are of opinion that such heir or creditor may be brought in at any time prior to trial.

It will be noted that Section 10725 specifically provides that, if there is a recovery upon such claim, the judgment shall be against the administrator or executor. As above stated, no relief is provided as against the heir or creditor.

We think the reasoning in the case of *Snider's Exrs.* v. *Young,* 72 Ohio St., 494, 74 N. E., 822, applies to the case at bar, and sustains the conclusion that the action was properly brought against the administrator within the statutory time, and that the other parties might be subsequently brought in.

In the case of *Miller* v. *Ewing, Admr.,* 68 Ohio St., 176, 67 N. E., 292, cited by counsel in their brief, we observe that the question at issue in that case was whether the administrator or executor could be sued more than six months after the rejection of the claim. There was no question involved as to the bringing in of the heir or creditor who had secured the rejection of the claim.

Upon a careful consideration of the sections of the General Code involved, and of the authorities cited, we are of opinion that there was no error in making Marie Hill and Sarah Bray parties defendant after the expiration of six months from the rejection of the claim by the administrator.

It appears from the evidence that Mrs. Duncan lived with her mother-in-law, Mrs. Grain during the entire period above referred to and the record discloses certain circumstances tending to show that they were members of the same family. Whether

Mrs. Duncan was or was not a member of the family during this period we think was a question of fact for the jury, rather than the court, to determine. Mrs. Duncan testified that she had no express agreement with Mrs. Grain for the payment of these services and that she did not expect Mrs. Grain to pay her. When later recalled she stated that she expected to be paid out of Mrs. Grain's estate; the reason assigned being that Mrs. Grain was very stingy, and that she, Mrs. Grain, would not, in the opinion of Mrs. Duncan, recognize an obligation to pay.

The court among other things, on page 91 of the record, charged the jury as follows: ''And the court instructs you as a matter of law that the evidence in this case does not show that the plaintiff Eliza Duncan, was a member of the family of Sophia Grain during this period.''

The court not only refused the special charges submitted by counsel for plaintiff in error relating to this phase of the case, but, as above quoted, specifically charged the jury that the evidence in the case as a matter of law did not show that Eliza Duncan was a member of the family of Sophia Grain during the period in question.

From the facts and circumstances disclosed by the record, we are of the opinion that this charge constitutes prejudicial error.

It is also urged that on her own statement defendant in error is not entitled to recover in this action. We have no doubt that defendant in error rendered valuable services, especially during the latter part of Mrs. Grain's life. From a careful study of Mrs. Duncan's testimony, we admit that a legal liability

for such services is not entirely free from doubt, but we think this case should be resubmitted to a jury to determine whether a family relationship existed between Mrs. Grain and Mrs. Duncan, and, if so, whether Mrs. Duncan's right to recover is proven by the required degree of proof.

The judgment of the lower court will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

FERNEDING and ALLREAD, JJ., concur.